IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JACKLYN STILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 12-3308 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Motion of Petitioner, Jacklyn Still, to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (d/e 1).  In her plea agreement, Still validly waived the right to challenge her original sentence in a new action brought pursuant to 28 U.S.C. § 2255.  Specifically, Still waived her right to bring this separate claim for ineffective assistance of defense counsel as it relates to the sentence impose in the original criminal case of the United States v. Still, 3:11-cr-30016.  Therefore, the Motion is DENIED.

## BACKGROUND

On March 8, 2011, the Government filed a criminal complaint that alleged Jacklyn Still committed the crimes of knowingly and intentionally engaging in a

scheme to defraud through the United States Mail (Count I), and knowingly engaging in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000 (Count II).  United States v. Still, 3:11-cr-30016.  On March 29, 2011, Still, represented by counsel, G. Ronald Kesinger, appeared before United States Magistrate Judge Cudmore.  Facing a maximum sentence of 30 years' imprisonment on Count I, and 10 years' imprisonment on Count II, Still waived her right to the filing of an Indictment and, pursuant to a written plea agreement, pleaded guilty to both counts.

Still waived several rights in the plea agreement including: (1) her right to appeal any and all issues relating to her plea agreement, conviction, and sentence, and (2) her right to collaterally attack her sentence under 28 U.S.C § 2255.  Specifically, Still's plea agreement provides that:

> The Defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed.  Understanding those rights, and having thoroughly discussed those rights with her attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement . . . .
>
> The defendant also understands that she has a right to attack the conviction and/or sentence imposed collaterally on

the grounds that it was imposed in violation of the Constitution or laws of the United States; that she received ineffective assistance from her attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack.  The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255.  The defendant and her attorney have reviewed Section 2255, and the defendant understands her rights under the statute.  Understanding those rights, and having thoroughly discussed those rights with her attorney, the defendant knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence.  The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant.  The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of her counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from her attorney regarding this right.  Regardless of any advice the defendant's attorney may have given her, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence.  The rights waived by the defendant include the right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255 excepting only those claims which relate directly to the negotiation of this waiver itself.

Plea Agreement at ¶¶ 11-12.

The Government's obligations under the agreement consisted of:

Bringing no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this Information, except for any crime of violence, any crime unknown to the United States

> Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties, and any crime resulting from the hiding or transferring of assets to attempt to put them out of the reach of the court.

Plea Agreement at ¶ 22.

On March 29, 2012, Magistrate Judge Cudmore held a Rule 11 plea hearing in open court with Still under oath. Magistrate Judge Cudmore engaged in a colloquy during this hearing to advise Still of her rights and the rights she would waive if Still pleaded guilty. During this exchange Still stated that she knowingly and voluntarily made her decision to plead guilty. Tr. at 11-26. She also stated that she knowingly and voluntarily entered into the plea agreement that included waivers of her rights to appeal or collaterally attack her sentence and/or conviction. Tr. at 28-30.

Further, Still and counsel for both Parties stated that Still understood the hearing and proceedings against her. Tr. at 9-11. Still signed the plea agreement that same day. On April 18, 2011, this Court accepted Still's guilty plea.

On October 31, 2011, this Court sentenced Still. The Presentence Report filed by the United States Probation Office contained a calculated total offense level of 31. The total included a two-level upward adjustment for obstruction of justice and no downward adjustment for acceptance of responsibility.

Originally, the Government had agreed in the plea agreement that "the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, [that] a two-level reduction in the offense level [was] appropriate." Plea Agreement at ¶ 14(a).  The agreement, however, did "not preclude the United States from changing its position if new evidence to the contrary [was] discovered or if the defendant later demonstrate[d] a lack of acceptance of personal responsibility . . . ."  Id.

The Government later determined that Still demonstrated a lack of acceptance of responsibility.  Specifically, Still sold property and attempted to disguise the nature of the transactions which violated local and state law regarding property transfers (mostly vehicle) as well as federal laws regarding money laundering.  Tr. at 10-11.  The Court accepted the Presentence Report which gave no reduction for acceptance of responsibility and sentenced Still to 108 months' imprisonment on Counts 1 and 2 to run concurrently; five years' supervised release on Count 1 and three years' supervised release on Count 2 to run concurrently; a $200.00 special assessment; and $4,548,049.51 in restitution.  Tr. at 4-6, 26.

Still filed the instant Motion on November 16, 2012.  In the Motion, Still claims that defense counsel performed ineffectively by failing "to have the

defendant evaluated by a psychiatrist or psychologist" prior to sentencing. Pet'r Mot. at 14. Still asserts that "had she been evaluated . . . , the doctor would have determined that at the time she committed her offenses she suffered from a mental impairment which substantially contributed to her criminal conduct." Id. Still believes that "there is a reasonable probability that [the Court] would have considered [such an evaluation] as mitigating evidence and imposed a lower sentence." Id. This matter is now before the Court on Still's Motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

## ANALYSIS

Jacklyn Still filed this Motion pro se, but obtained counsel, James H. Feldman, Jr., to aid with preparation of the Motion. Under Rule 2(b)(5) of the rules governing 28 U.S.C. § 2255, the Motion must be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant. Mr. Feldman signed the Motion on Still's behalf. Pet'r Mot. at 13. Mr. Feldman states that he signed the Motion in Ms. Still's stead because "she [was] unlikely to receive the final draft . . . in time to file it by the November 19 deadline." Id. Mr. Feldman also states that he "has discussed the motion with the movant in detail and she has approved it for filing." Id. Based on this statement in the Motion, Still

authorized Mr. Feldman to sign her name. Therefore, the signature complies with Rule 2(b)(5).

Even though Still has properly submitted the Motion, she has waived her right to raise the ineffective assistance of counsel claim on collateral attack that she now brings pursuant to 28 U.S.C. § 2255. A defendant may validly waive the right to collaterally attack a conviction and/or sentence as part of a valid plea agreement. Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (citing Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999)). Courts generally uphold and enforce such waivers with limited exceptions such as where the plea agreement was involuntary; the district court relied on a constitutionally impermissible factor at sentencing; the sentence exceeded the statutory maximum; and the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement. Id. (citing Jones, 167 F.3d at 1144-45).

Courts, however, will enforce a defendant's waiver of the right to mount a collateral attack based on defense counsel's ineffectiveness if the ineffective assistance of counsel claim relates to sentencing rather than negotiation of the plea agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). The question here, then, is whether Still's claim for ineffective assistance of counsel relates to negotiation of the plea agreement or sentencing.

In Thompson, the petitioner raised two constitutional claims for ineffective assistance of counsel in his 28 U.S.C. § 2255 motion after waiving the right to collaterally attack his sentence in his plea agreement. Thompson v. United States, 2000 WL 821711, at *2 (N.D. Ill. June 23, 2000). The first claim alleged that ineffective assistance of counsel forced the petitioner to accept a plea agreement that included a waiver of the right to collaterally attack his sentence before the petitioner truly understood the consequences of such a waiver. Id. The petitioner argued next that counsel should have raised his diminished capacity, family circumstances, and aberrant behavior as theories for downward departure at sentencing. Id. Raising these theories, the petitioner argued, would have led to a shorter sentence. Id. *2-3.

The court in Thompson found that the petitioner did not waive his claim that counsel's ineffectiveness resulted in the petitioner not understanding that he waived his right to challenge his sentence on collateral attack. Id. at *2. The court made this determination because the allegations of ineffectiveness related directly to negotiation of the plea agreement—the very product of defense counsel's alleged ineffectiveness. Id. Specifically, counsel's alleged failure to adequately inform the petitioner related to what rights the petitioner would waive in the plea

agreement.  Id.  This played a role in petitioner's decision to accept the plea agreement in the first instance.  Id.

The court found next that the petitioner waived his second claim for ineffective assistance because that claim directly attacked counsel's performance as it related to the sentence imposed.  Id. at *3.  The court explained that only those discrete claims of ineffective assistance that relate directly to the plea negotiation, like the allegations the petitioner raised in his first claim, escape a valid waiver like the one the petitioner made in his plea agreement.  Id.  The court further reasoned that counsel's failure to raise specific theories that may have warranted a downward departure at sentencing had no connection to counsel's performance with regard to plea negotiations.  Id. at *3.  Accordingly, the court determined that the petitioner had waived the second claim.  Id.

The petitioner in Mason, also entered into a plea agreement that included a waiver of the right to collaterally attack his sentence and/or conviction with a constitutional claim brought in a 28 U.S.C. § 2255 motion.  211 F.3d at 1066. Following imposition of his sentence, the petitioner filed a 28 U.S.C. § 2255 motion alleging that he would have received a lower sentence had his defense counsel objected to the court's misapplication of the sentencing guidelines and to the amount of drugs attributed to him.  Id. at 1067.  The Seventh Circuit found

waiver because the petitioner's claim that his counsel's ineffectiveness led to a higher sentence related to sentencing rather than plea negotiations. Id. at 1069.

In this case, Still's argument for ineffective assistance relates to sentencing and not plea negotiations. Specifically, Still argues that counsel should have arranged for a mental evaluation of Still and submitted the results as evidence of her mental impairments— impairments Still believes "substantially contributed to her criminal conduct." Pet'r Mot. at 14. Still alleges that she may have received a lighter sentence had counsel done this. See Mason 211 F.3d at 1069 (explaining that the petitioner's valid waiver of the right to collaterally attack his sentence barred review of his 28 U.S.C. § 2255 motion that alleged the petitioner would have received a lower sentence had counsel performed differently); Thompson, 2000 WL 821711, at *2 (holding that the petitioner's valid waiver of the right to collaterally attack his sentence barred review of his 28 U.S.C. § 2255 motion that alleged the petitioner would have received a lower sentence had counsel raised theories for downward departure at sentencing).

At no point, however, does Still make an ineffective assistance argument that directly relates to negotiation of her plea agreement. For example, Still does not argue that counsel failed to explain the waivers in the plea agreement, or that she unknowingly waived the right to collaterally attack her conviction and/or

sentence due to counsel's ineffectiveness.  See e.g., Thompson, 2000 WL 821711, at *2.

Clearly, Ms. Still's claim for ineffective assistance of counsel relates to sentencing rather than plea negotiations.  Therefore, the plea agreement, which states that Still "knowingly and voluntarily waiv[ed] the right to collaterally attack her conviction and/or sentence," is enforceable and procedurally bars collateral review of Still's ineffective assistance claim that relates to the sentence impose in Ms. Still's case.  Plea Agreement at ¶ 12.  See Keller, 657 F.3d at 681 (citing United States v. Monroe, 580 F.3d 552, 556 (7th Cir. 2009)).

## **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing 28 U.S.C. § 2255 proceedings, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim—which occurred here—a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Should a district

court deny the certificate, the petitioner may request that a circuit judge issue one. Fed.R.App.Proc. 22(b)(1).

Jurists of reason would not find it debatable whether the procedural decision in this case is correct. Still's claim for ineffective assistance of counsel did not relate to the plea negotiation. The lack of such a relationship renders enforcement of Still's waiver of the right to collaterally attack the sentence and/or conviction appropriate. Enforcing the waiver procedurally bars review of Still's 28 U.S.C. § 2255 Motion. Accordingly, this Court declines to issue a certificate of appealability.

## **CONCLUSION**

Still's Motion brought pursuant to 28 U.S.C. § 2255 is DENIED, and this action is DISMISSED. Further, because Still makes no substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. THIS CASE IS CLOSED.

IT IS SO ORDERED.

ENTER: January 9, 2012

FOR THE COURT:	s/ Sue E. Myerscough
	SUE E. MYERSCOUGH
	United States District Judge